IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SANTOS LUIS TERRERO RUIZ )
                               )
       Petitioner,             )
V.                             )     Criminal No. 1:13CR104
                               )     Civil Action No. 1:14CV733
UNITED STATES OF AMERICA,      )
                               )
       Respondent.             )
                               )

MEMORANDUM OPINION

THIS MATTER comes before the Court on the Motion of Santos Luis Terrero Ruiz ("Petitioner") to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.

On February 1, 2012, the Petitioner was arrested with multiple cellphones, $18,000 in U.S. currency, an electronic scale and almost one kilogram of cocaine.

On March 26, 2013, the Petitioner appeared for a change of plea hearing before this court. A Spanish interpreter was present at this time. At the plea colloquy, the Petitioner pleaded guilty to a criminal information charging him with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. During the plea colloquy, the Petitioner acknowledged signing the plea agreement and admitted, under oath, that the Statement of Facts was true and correct. In

1

the Statement of Facts, the Petitioner acknowledged directing

Juan Martinez to hand deliver cocaine to Chavez and undercover

detectives on three occasions: 448.1 grams on September 28;

2012; 452.2 grams on October 19, 2012; and one kilogram on

December 4, 2012.

In the Petitioner's written plea agreement, filed in open

court and adopted by the Petitioner, the Petitioner agreed that

there was a factual basis for the plea and that Petitioner was

satisfied that his attorney has rendered effective assistance of

counsel. Additionally, the Petitioner acknowledged that he

understood that he surrendered certain rights at the time of the

plea.

In paragraph five of the written plea agreement, the

parties agreed and stipulated that only two provisions of the

U.S.S.G apply:

> (1)   drug quantity, pursuant to U.S.S.G. § 2D1.1(c);
>        and
>
> (2)   acceptance of responsibility, pursuant to
>        U.S.S.G. § 3E1.1(b).

The plea agreement expressly provided that the parties did

not have any other agreements as to any guideline factors other

than those above. In addition, the express terms of this

paragraph provided that "the parties agree and understand that

they remain free to argue whether Section 3B1.1 of the Sentencing Guidelines (aggravating role) applies."

The Presentence Report ("PSR") assessed a three-level role enhancement, pursuant to U.S.S.G. § 3B1.1(b) by virtue of the Petitioner's supervisory relationship over Martinez. Petitioner's counsel objected, and argued that the enhancement was not appropriate in this case because the Petitioner was an "independent contractor" who bought and sold cocaine and not a manager or supervisor. Furthermore, Petitioner's counsel argued that even though the Petitioner paid Juan Martinez to deliver cocaine, he did not exercise any control and/or authority over Martinez.

In addition, Petitioner's counsel filed a written position on sentencing furthering his objection against the three-level role enhancement. Counsel argued in the written position that the enhancement should not apply and that the Petitioner should be safety valve eligible and not subject to the ten-year mandatory sentence.

On June 21, 2013, at the sentencing hearing, the Court found that the Sentencing Guidelines were properly assessed at 121-151 months and adopted the PSR without change. The Petitioner received a sentence below the guidelines range, of the mandatory minimum term of 120 months. The Petitioner did not file a notice of appeal. On June 12 2014, the Petitioner filed

the instant motion to set aside his conviction pursuant to 28

U.S.C. § 2255.

A prisoner in custody under sentence of a federal court may

file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside

or correct the sentence. Relief can be claimed on four grounds:

(1) the sentence was imposed in violation of the Constitution or

laws of the United States; (2) the court was without

jurisdiction to impose such sentence; (3) the sentence was in

excess of the maximum authorized by law; or (4) the sentence is

otherwise subject to collateral attack. 28 U.S.C. § 2255. A

sentence is "otherwise subject to collateral attack" only when

there exists an error constituting a "fundamental defect which

inherently results in a complete miscarriage of justice." United

States v. Addonizio, 442 U.S. 178, 185 (1979). The scope of a §

2255 collateral attack is far more limited than an appeal, and

thus "a collateral challenge may not do service for an appeal."

United States v. Frady, 456 U.S. 152, 165 (1982). Moreover, a

court may grant relief under § 2255 only where the putative

error is jurisdictional, constitutional, or an error of law that

inherently results in a complete miscarriage of justice.

Addonizio, 442 U.S. at 185; see also Davis v. United States, 411

U.S. 233 (1973). Further, the Supreme Court has expressed its

preference that most cases for ineffective assistance of counsel

4

claims be raised in a § 2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003).

The Sixth Amendment provides, in relevant part, that in all criminal prosecutions, "the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. Claims of ineffective assistance of counsel are evaluated by the rigorous two-pronged test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The Strickland test requires a defendant to prove: (1) that a counsel's performance was defective; and (2) that the deficient performance prejudiced the defendant. Id.

First, to prove a counsel's performance was defective, a defendant must demonstrate that, in light of all the circumstances as they appeared at the time of the conduct, "counsel's representations fell below an objective standard of reasonableness," as established by "prevailing professional norms." Id. at 687-88. There is a "strong presumption" that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689-90. For a defendant to overcome this presumption, "the analysis of counsel's performance typically must be comprehensive; i.e., not narrowly limited to a review of counsel's failings." Id. at 689.

Second, to show prejudice, a defendant must show that counsel's errors were so serious as to deprive him of a fair

trial, not merely that the outcome of the trial would have been different. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (citing Strickland, 466 U.S. at 687). Assessing prejudice "requires the court deciding the ineffectiveness claim to 'consider the totality of the evidence before the judge or jury.'" Elmore v. Ozmint, 661 F.3d 783, 858 (4th Cir. 2011). When a defendant challenges a conviction entered after a guilty plea, the "prejudice" prong of the Strickland test is slightly modified. The defendant must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Strickland, 466 U.S. at 700. Notably, the burden of proof lies with the defendant as to both prongs of the Strickland standard. United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Therefore, if a petitioner fails to prove prejudice, a reviewing court need not consider the performance prong. Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992).

The Petitioner alleges that his Sixth and Fourteenth Amendment rights were violated and that defense counsel was

ineffective. The crux of the Petitioner's claim of ineffective assistance of counsel appears to be that counsel was ineffective by inadequately explaining the plea agreement, specifically the consequences of stipulating to the role in the offense because it affected his eligibility for the safety valve provision and his ability to appeal the sentence imposed. The Petitioner cannot prove deficient performance by defense counsel, nor prejudice of the defendant.

Defense counsel did not perform defectively. The Petitioner erroneously claimed that his plea agreement contained a stipulation that the three level aggravating role enhancement applied. The final plea agreement entered into between the parties did not have this stipulation. Furthermore, there was a final provision of paragraph five that the parties remain free to argue whether the three-level role enhancement applies. The Petitioner's argument that his conviction should be set aside based on ineffective assistance of counsel is premised on a mistake of fact. The final plea agreement in this case expressly provides that the parties had an agreement on two guideline factors: drug quantity and acceptance. The parties remained free to argue to the Court at sentencing whether the aggravating role enhancement should apply. This agreement was successfully negotiated by defense counsel.

7

At the sentencing hearing, defense counsel objected to the aggravating role enhancement. However, the Court overruled the objection and found that the guidelines were properly calculated in this case. Defense counsel effectively advocated on the Petitioner's behalf and made timely, reasonable objections. Defense counsel's actions were within the wide range of reasonable professional assistance and his performance did not fall below an objective standard of reasonableness.

The Petitioner suffered no prejudice as a result of the alleged stipulation in his plea agreement. The Petitioner agreed to the facts supporting the guilty plea and acknowledged his guilt and remorse in the PSR. He does not assert that with competent counsel he would have stood trial. To the contrary, the core of the Petitioner's argument is that with effective assistance he would have pled to a different plea agreement leaving him eligible for the safety valve provision and received a more favorable sentence. Furthermore, there is no evidence showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Evidently, the Petitioner cannot make the showing of prejudice required under Strickland. Therefore, the Petitioner neither received constitutionally defective counsel, nor was he prejudiced in any way.

8

For the foregoing reasons, the Petitioner's Motion should be denied.

An appropriate Order shall issue.

/s/
_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia
July 30, 2014